## APPEAL OF GATE CITY COFFIN CO.

Docket No. 4517.   Submitted October 3, 1925.   Decided December 21, 1925.

Basis for deduction on account of wear, tear, and exhaustion of assets determined.

*B. B. Pettus, Esq.*, and *A. L. Lafrantz, C. P. A.*, for the taxpayer.
*Arthur J. Seaton, Esq.*, for the Commissioner.

Before GRAUPNER and TRAMMELL.

This appeal is from the determination of a deficiency in income and profits taxes for the years 1918, 1919, and 1920, in the amount of $9,743.06.  The deficiency arose from the disallowance by the Commissioner of part of the deductions taken by the taxpayer for the exhaustion, wear and tear of its buildings, machinery, and equipment during those years.

### FINDINGS OF FACT.

The taxpayer is a corporation, organized in the year 1887 under the laws of the State of Georgia, with a capital stock of $100,000, and is and has been since the organization engaged in manufacturing coffins, caskets, funeral supplies, and cedar chests, at Atlanta, Ga.

From time to time, since the corporation was organized, it has made additions, betterments, and repairs to its buildings or erected new buildings, and has purchased and installed new machinery. The buildings, additions, and betterments were erected or made largely by the taxpayer's employees and were constructed as far as possible from material that the taxpayer carried in stock.  The additional machinery was installed by the taxpayer's regular employees.  The taxpayer only charged to its building and machinery accounts the cost of the machinery purchased and the cost of material and labor especially purchased or employed for or in connection with new buildings, additions, and betterments.  The cost of building materials taken out of its regular stock and the wages paid to its regular employees for work done on the new building and on additions and repairs to its old buildings were charged to expense.

In the year 1902, E. C. Calloway, now president of the taxpayer, acquired a majority—one or two shares more than a half interest— of the taxpayer's capital stock. The book value of the capital stock at that time was $107,499.35. The owners of the capital stock claimed that the book value of the stock did not accurately reflect the cost of the buildings and machinery, inasmuch as part of the buildings and machinery had been erected and installed by the company's regular employees and the cost thereof charged to expense instead of to the building and machinery accounts. Calloway, after an investigation, was convinced that the claim of the stockholders was correct and he paid them for a bare majority of the capital stock the amount of about $66,000, which he was convinced represented the value of the stock as reflected by the actual cost of buildings, machinery and other assets. Soon after Calloway acquired control of the corporation, the building account was increased by $20,000 and the machinery account was increased by $5,000 to cover the amount estimated to have been spent on buildings and machinery and not capitalized. During the years 1902 to 1913, additions were made to the taxpayer's buildings, and of the cost thereof $10,997.12 was charged to expense and not to the building account. Further additions and betterments were made to the buildings in the year 1917, at a cost of $3,717.49. The cost of the taxpayer's buildings as of December 31, 1917, was at least $74,853.68.

In the years 1918 and 1919, the taxpayer owned auto hearses, which it acquired at a cost of $5,882.20, and its allowance for the exhaustion, wear and tear of the auto hearses should be computed on that value.

The Commissioner, upon audit of the taxpayer's returns for the years 1918, 1919 and 1920, determined that exhaustion, wear and tear of the buildings owned by the taxpayer should be computed upon a value of $46,903.70 for the year 1918, and $71,136.21 for the years 1919 and 1920, and that the exhaustion, wear and tear of the machinery should be computed upon a value of $25,610.60 for the year 1918, $24,029.35 for the year 1919, and $28,400.92 for the year 1920. The rates of depreciation adopted by the Commissioner are acquiesced in by the taxpayer.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

TRAMMELL: The evidence presented by the taxpayer in support of its contention as to the values of its several assets, upon which allow-

ances for depreciation should be computed, is vague, indefinite, and unsatisfactory. It is impossible for the Board to determine therefrom that the cost of the taxpayer's machinery, or the fair market value on March 1, 1913, plus the cost of additional machinery purchased thereafter, was, during the years involved herein, greater than the values determined by the Commissioner. The values adopted by the Commissioner as a basis for computing the taxpayer's allowance for the exhaustion, wear and tear of its machinery. in the years 1918, 1919, and 1920 is therefore approved. We find that the cost of the taxpayer's building was, as claimed in its returns for the years involved, $74,853.68, but there is not sufficient evidence from which we can hold that they had any greater value than therein claimed. The cost of the auto hearses is established to have been $5,882.20, and the taxpayer's allowance for the exhaustion, wear and tear thereof should be computed on that basis. In all other respects the determination of the Commissioner is approved.